## Israel v. Sherbin Pharmaceuticals

*Edward Wild,* for plaintiff.
*Kevin C. Allen,* for defendant.

GARB, *J.,* November 27, 1995—Plaintiff has appealed from our order of September 7, 1995. By that order, we denied plaintiff's petition to order an increase in a bond filed by the defendant, but rather ordered the prothonotary to distribute the proceeds of that bond to plaintiff in the sum total of $32,541.68 plus interest at the rate of 6 percent per annum from June 20, 1994 and the balance to defendant. Essentially, that amounted to a distribution to the plaintiff of $34,680.68 and a distribution to the defendant of $684.17. Obviously, the thrust of this appeal is that the plaintiff wants more.

The genesis of this dispute began on August 21, 1980 when the plaintiff entered into an agreement of sale to sell the Southampton Pharmacy to John J. Sherbin or his corporate nominee. The agreement provided for a total consideration of $160,000 payable $1,000 at the time of signing the agreement, $19,000 at the time of closing, and the balance of $140,000 in equal monthly installments of $1,771.35 for a period of 180 months. A judgment note was executed at the time of settlement. A lease agreement was likewise entered into by the parties which was extended several times until 1994 when the lease was terminated. That gave rise to this dispute resulting in the confession of judgment on the judgment note.

The defendant filed a petition and secured a rule to show cause why the judgment by confession should not be opened. After appropriate proceedings, the petition to open the judgment was denied by opinion and order of this court. That occurred on February 7, 1995. That opinion sets forth in greater detail the facts of

this case, and it is incorporated herein by reference. Defendant has appealed to the Superior Court from that order, and the appeal has yet to be decided.

At the time of the entry of the judgment by confession, plaintiff executed upon defendant's bank account. In order to release the funds in that account, the defendant filed a bond with the prothonotary as security for the debt, accrued interest, and anticipated interest. The amount of the confessed judgment with the principal accelerated was in the sum of $27,405.98 with interest due to the date of the confession of judgment of $1,024.80 as well as a 15 percent attorney's commission of $4,110.90 as well as 6 percent post judgment interest until August 16, 1995. Exclusive of post judgment interest, the sum due amounted to $32,541.68. The amount of the bond posted was $35,364.85 in order to provide for post judgment interest at the rate of 6 percent. As previously noted, the order of distribution meant that $34,680.68 was distributed to the plaintiff which was an amount equal to the total amount of the outstanding debt plus interest and counsel fees of 15 percent up to June 30, 1995.

We are satisfied that this order of distribution fully compensated the plaintiff for the debt owing him. As noted in our previous opinion, the lease purchase agreement had terminated as had the lease itself. Accordingly, the plaintiff, by our opinion, and the facts developed with respect to the petition to open judgment established that the plaintiff is in a position to deal with the real property in any way he wishes, and, apparently, has sold it. Therefore, there is no basis for any continuing liability by the defendant to the plaintiff. As such, we

are satisfied that the plaintiff is entitled to be reimbursed for the debt owing him plus interest and other costs and expenses, but no more. Therefore, we deem it totally inappropriate to require the defendant to post additional security and can see no reason why the security already posted should not be distributed to its rightful owners.

What this case represents in our eyes is one of over-reaching on the part of the plaintiff when seen in its best light and a drive for every drop of blood in its worst light. We are satisfied that our order of distribution which likewise refused the posting of additional security was proper and appropriate.